# United States Bankruptcy Court
## Southern District of Georgia

15-20823

In re: **Keith D Lipham, Jr.**
**Crystal Y Lipham**
Debtor(s)

Case No.
Chapter **13**

## CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ **800.00** for the applicable commitment period of:

   ☐ 60 months: **or**
   ☑ a minimum of 36 months. § 1325(b)(4).

   (If applicable include the following): These plan payments change to $____ in month ____.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $ **3,000.00** to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   | **-NONE-** | | |

   **IN THE ALTERNATIVE:**
   ☐ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | **-NONE-** | |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | | | | | |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | **Ally** | **2012 Chevy Cruze** | $16,479.88 | 5.00% | $341.44 |
   | **GM Financial** | **2008 Chevy Silverado 2500 HD** | $14,501.18 | 5.00% | $300.44 |
   | **LENDMARK FINANCIAL SER** | **All Collateral and Claims** | $785.00 | 5.00% | $20.72 |

   (g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

   | CREDITOR | ESTIMATED PREPETITION CLAIM |
   |---|---|
   | **-NONE-** | |

    (h)  The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____ %; ☑ without interest.

        <u>CREDITOR</u>
        **-NONE-**

    (i)  Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a __**0**__ % dividend or a prorata share of $__**0.00**__, whichever is greater.

3.  Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:   ☑ Direct to the Creditor; or   ☐ To the Trustee

| <u>CREDITOR</u> | <u>ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT</u> |
|---|---|
| **Ally** | **$100.00** |
| **GM Financial** | **$100.00** |

4.  Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| <u>CREDITOR</u> | <u>ADDRESS</u> |
|---|---|
| **-NONE-** | |

5.  Pursuant to 11 U.S.C. §522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| <u>CREDITOR</u> | <u>PROPERTY</u> |
|---|---|
| **-NONE-** | |

6.  The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| <u>CREDITOR</u> | <u>DESCRIPTION OF COLLATERAL</u> | <u>AMOUNT OF CLAIM SATISFIED</u> |
|---|---|---|
| **-NONE-** | | |

7.  Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8.  Other provisions:

a.  Adequate protection for secured creditors will be paid for six months, or until confirmation, which ever is later, thereafter, the payments set forth in (2)(e) and/or (f) will begin.  The payment listed under sections 2(e) and/or (f) are estimated based on currently available information and will be adjusted as needed at confirmation. **After adequate protection payments, administrative priority claim will be paid pro-rate with secured claims until all administrative claims are paid in full.**  All debts scheduled or listed in the bankruptcy filings, whether or not listed in the plan, shall be discharged upon completion of the plan except debts that are specifically listed as long term debts by the debtor(s) under section 2(d) of the plan or non-dischargeable student loan.  In the event stay relief is granted as to any long term debt, such debt shall also be discharged upon completion of the plan.

```
b.   Debtor(s) proposes to pay filing fees THROUGH PLAN.

c.   Debtor(s) propose to accept the leases and/or executory contracts with
the following creditors and will make post-petition direct payments on
same, with any arrearage to be paid through the plan, to wit: Aaron's

d.   Debtor(s) propose to reject the following long term debts, to wit:None
```

15-20823

e.  Any secured claims that are filed in the within case that are not provided for by the plan will be paid after provided for secured claims with an interest rate of 3.25 percent.

f.  To the extent that Debtor(s) has/have student loans, such loans will not be discharged in the within case including any interest that may accrue related to said debt.

9.  The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

| Date | **September 28, 2015** | Signature | **/s/ Keith D Lipham, Jr.** |
|---|---|---|---|
| | | | **Keith D Lipham, Jr.** |
| | | | Debtor |

| Date | **September 28, 2015** | Signature | **/s/ Crystal Y Lipham** |
|---|---|---|---|
| | | | **Crystal Y Lipham** |
| | | | Joint Debtor |

*Revised 10/2005*